| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| ECHEVERRIA LOPEZ LUCIANO, | | CASE NO. 15cv0090-GPC(WVG) |
| | Petitioner, | **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241** |
| vs. | | |
| ERIC H. HOLDER, Attorney General of the United States; LEON RODRIGUEZ, Director of the USCIS | | |
| | Respondents. | |

On January 15, 2015, Petitioner Echeverria Lopez Luciano ("Petitioner"), a detainee and in custody with the Department of Homeland Security ("DHS"), U.S. Immigration and Customs Enforcement ("ICE"), proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking a stay of his removal proceedings and a ruling on his application for "deferred action." Respondent filed a response on February 27, 2015. (Dkt. No. 3.) Petitioner did not file a reply. After a thorough review of the brief, supporting documents and applicable law, the Court DENIES the petition for writ of habeas corpus.

### Background

Petitioner is a native and citizen of Mexico and DHS first encountered him on August 18, 2010, when he attempted to gain entry to the United States at the Otay Mesa port of entry by presenting a false document. (Dkt. No. 4-1, Resp't Exs. at 2-4.) At

1 that time, he stated under oath that he was separated from his wife, and that he had no
2 fear of returning to his home in Mexico. (Id. at 6-8.)  He was ordered removed in
3 expedited removal proceedings, and he acknowledged that he could not return to the
4 United States for five years without obtaining permission from DHS or the Attorney
5 General. (Id. at 9-11.)

6 About one year later, on September 17, 2011, U.S. Customs and Border
7 Protection ("CBP") encountered Petitioner near the U.S.-Mexico border in Arizona.
8 (Id. at 13-15.)  At the time, he stated under oath that he had no fear of returning to
9 Mexico. (Id. at 17.)  His 2010 removal order was reinstated, and he was removed to
10 Mexico. (Id. at 12, 20.)

11 About three years later, on July 22, 2014, Petitioner and his wife[1] applied for
12 admission at the San Ysidro port of entry, seeking an opportunity to apply for asylum.
13 (Id. at 21-24.) CBP referred both of them to U.S. Citizenship and Immigration Services
14 ("USCIS") for "credible fear" interviews before an asylum officer. (Id. at 35.)  The
15 asylum officer determined that they had a credible fear of persecution or torture and
16 should be allowed to present their asylum applications before an IJ in removal
17 proceedings. (Id.)  Both were placed in removal proceedings. (Id. at 31-34.)

18 On September 5, 2014, Petitioner was denied release from detention by ICE. (Id.
19 at 39.)  On February 11, 2015, an IJ conducted a custody review pursuant to a request
20 for change in custody status, and determined that Petitioner should remain in custody
21 pending his removal proceedings. (Id. at 48.)  His next hearing before the IJ was to
22 take place on March 25, 2015. (Id. at 44.)

23 In her petition, Petitioner seeks a stay of his removal proceedings and seeks the
24 Court to grant him claim for "Statutory Eligibility for Deferred Action, Pursuant to
25 Section 274A(h)(3) of the Immigration and Nationality act." (Dkt. No. 1 at 22.)  He
26 also alleges consideration of his application for "Deferred Action USCIS Form I-

27
28 [1]His wife, Maria Judith Cardenas Sanchez, has a related petition for writ of habeas corpus filed in case no. 15cv89. Her petition is nearly identical to Petitioner's petition.

821D." (Id. at 2.)  Besides his unverified allegation, he does not attach a copy of an application for deferred action.  He also alleges facts to support his asylum claim and also facts to support eligibility for deferred action.

While not referenced or alleged in the petition, Respondent argues Petitioner is seeking Deferred Status for Parents of Americans and Lawful Permanent Residents ("DAPA")[2].  On November 20, 2014, DHS announced its DAPA Deferred Action was to be implemented in mid-to-late May 2015. (Dkt. No. 4-1, Resp't Exs. at 49-54.)  On February 16, 2015, the U.S. District Court for the Southern District of Texas enjoined implementation of DAPA.  Texas v. United States, –F. Supp.3d –, 2015 WL 648579 (S.D. Tex. Feb. 16, 2015).  On May 26, 2015, the Fifth Circuit denied the government's motion to stay the preliminary injunction.  Texas v. United States, –F.3d–, 2015 WL 3386436 (5th Cir. May 26, 2015).

**A.   No Case and Controversy**

Respondent argues that Petitioner has failed to state a case and controversy because DAPA has not yet been implemented and it does not appear that Petitioner applied for DAPA relief or other deferred action.  Respondent also argues that there is no adverse action for the Court to consider and Petitioner has failed to pursue and exhaust his administrative remedies.

Judicial review is permitted only upon review of final orders.  8 U.S.C. § 1252(b)(9) ("Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this chapter shall be available only in judicial review of a final order under this section.").  Since there does not yet appear to be a final order, judicial review  is not permitted.  See Galindo–Romero v. Holder, 640 F.3d 873, 877 (9th Cir. 2011).  Moreover, habeas relief for final orders of removal lies only with the court of appeals.  8 U.S.C. §

---

[2]DAPA refers to the DHS's recent policy to exercise prosecutorial discretion with respect to parents of U.S. citizens or lawful permanent residents living in the United States continuously since January 1, 2010. (Dkt. No. 4-1, Resp't Exs. at 49-54.)

1252(a)(5); <u>Mamigonian v Biggs</u>, 710 F.3d 936, 941 (9th Cir. 2013). Here, based on the record before the Court, Petitioner is still in removal proceedings and the IJ has not yet ruled.

In addition, "[a]n applicant's failure to properly raise an issue to the BIA generally constitutes a failure to exhaust, thus depriving us of jurisdiction to consider the issue." <u>Cervantes v. Holder</u>, 772 F.3d 583, 590 (9th Cir. 2014). Since the case is still in removal proceedings before the IJ, the issue has not yet been raised with the BIA. Therefore, Petitioner has failed to exhaust.

Moreover, while it is not clear which deferred action Petitioner is referencing, it does not appear that he has a pending application. The Court concludes that the petition contains no case or controversy, and is not ripe for review.

**B.    Jurisdiction**

Petitioner seeks a stay of his removal proceedings and appears to seek a ruling that the Court grant him deferred action. Respondent argues that the Court does not have jurisdiction to stay removal proceedings pursuant to 8 U.S.C. § 1252(g).

Section 1252(g) provides that a court lacks jurisdiction to hear claims by an alien arising from decisions or actions by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders except as provided in that section. <u>Reno v. Am.-Arab Anti–Discrimination Comm.</u>, 525 U.S. 471, 477 (1999).

8 U.S.C. § 1252(g) provides that,

> (g) Exclusive jurisdiction
> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g). This provision was enacted to provide some measure of protection to "no deferred" action decisions and similar discretionary determinations to abandon prosecution at any stage in the deportation process. <u>Reno</u>, 525 U.S. at 483. Similarly, the Court lacks jurisdiction to consider whether Petitioner is eligible for any Deferred

1 Action under 8 U.S.C. § 1252(g).  Fabian–Lopez v. Holder, 540 Fed. App'x 760, 761 n. 2 (9th Cir. 2013) ("We lack jurisdiction to consider whether [petitioner] is eligible for consideration for Deferred Action for Childhood Arrivals."); see also Gama v. Baran, No. 13-2162 WBX KJN, 2014 WL 1616443, at *2 (E.D. Cal. Apr. 22, 2014) (parties agree that the court lacks jurisdiction to consider DACA eligibility).  In addition, the Court has no jurisdiction to review denials of a deferred action status petition.  Mada-Luna v. Fitzpatrick, 813 F.2d 1006, 1011 n. 4 (9th Cir. 1987).

Therefore, the Court concludes it lacks jurisdiction to stay his removal proceedings and make a determination on his deferred action eligibility.[3]

**Conclusion**

Based on the above, the Court DENIES the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The Clerk of Court shall close the case.

IT IS SO ORDERED.

DATED: July 13, 2015

HON. GONZALO P. CURIEL
United States District Judge

---

[3] Respondent also argues that the petition should be dismissed with leave to amend because Petitioner failed to name the proper Respondent by failing to name his immediate custodian.  Since the Court denies the petition, the Court need not address this issue.